Ms. Cathyrn E. Hinshaw Executive Director Arkansas Fire Police Pension Review Board P.O. Drawer 34164 Little Rock, Arkansas 72203
Dear Ms. Hinshaw:
This is in response to your request for an opinion concerning the retirement pay of a city volunteer firefighter. Specifically, you have attached a letter from a city fire chief which asks whether a retired volunteer firefighter can receive more in monthly benefits while retired than he received as "salary" before retirement.[1] The chief also poses a question relative to the manner of payment of volunteer firefighters' "salary," and whether a new proposed method of payment by the city would affect retirement benefits.
For the reasons that follow, it is my opinion that the firefighter in question may not receive more in monthly retirement benefits than he received as monthly "salary," and that the new proposed method of payment of compensation to volunteer firefighters will make it difficult, if not impossible, to compute retirement benefits.
The letter you have enclosed indicates that a particular city volunteer firefighter is about to retire on January 1, 1992 with 33 years of service. In computing his retirement benefit, reference must be made to A.C.A. § 24-11-818(a)(2) and (d)(1)(B) (Supp. 1989). These two Code sections provide for a retirement benefit of one-half of the salary attached to the rank of a volunteer firefighter who has served twenty years, and for the additional benefit of ten dollars per month for each full year worked over twenty years, but never more than fifty dollars a month. The chief notes that the firefighter in question would receive half his salary, plus fifty dollars per month. (He served thirteen years over 20, but is limited to fifty additional dollars per month by the statute.) Additionally, the chief notes that the firefighter is entitled to the benefits provided at A.C.A. § 24-11-826 (Supp. 1989), which provides for a benefit of 1.25% of final salary multiplied by the number of years worked in excess of twenty five.[2] This firefighter would be entitled to 1.25% of his final salary multiplied by eight years (in excess of twenty-five). All three of these amounts added together exceed the amount of the volunteer firefighter's current salary.[3] It is my opinion that this is prohibited based upon a provision in the last of these three benefit provisions. Section 24-11-826, which provides for the 1.25% benefit, formerly contained a provision which limited the maximum total benefit to seventy-five percent of final salary. The section provided:
 (a) Beginning July 1, 1987, in addition to the monthly pension benefits . . . set forth in [other provisions of the subchapter] for those firefighters hired prior to January 1, 1983, and who continue to work beyond their twenty-fifth year, the member shall receive at age sixty (60) years and thereafter a benefit on the amount equal to one and one-fourth percent (1.25%) of final salary attached to the rank which he may have held in the department preceding the date of retirement multiplied by the number of years of service in excess of twenty-five (25) years, up to a maximum total benefit of seventy-five percent (75%) of final salary. [Emphasis added.]
The last phrase of this section was amended by both Acts 502 and 844 of 1991. Each of these acts added additional language at the end of the section which states:
 . . . provided that the maximum seventy-five percent (75%) of final salary shall no longer apply to benefits payable on April 30, 1991 and thereafter to persons retiring henceforth and to those persons who retired on or after July 1, 1987. However, in no case shall the benefit payment exceed one hundred percent (100%) of final salary. [Emphasis added.]
In my opinion, this provision prohibits firefighters who are members of local funds from receiving more than 100% of their final salary in retirement benefits. A question may arise as to whether this provision limits the entire total combined benefit payable to 100% of final salary, or whether it just limits the 1.25% benefit payable pursuant to that section to 100% of final salary. It is my opinion that it is the former. The section states that the benefit may be received up to a "maximum total benefit" of seventy-five percent, now 100% in some cases. Additionally, it is practically impossible for a firefighter to approach 75%, much less 100% of his final average salary, solely by virtue of the 1.25% benefit computed on years of service in excess of 25. Even if a firefighter began service at eighteen years old and worked his twenty-five years, until age 43, and then worked an additional fifty years until age 93, it would still be impossible to approach the 75% or 100% limitation in the section. One and one fourth percent is simply too small a percentage to threaten this limitation. For this reason, it is my opinion that the limitation has reference to the total combined benefit payable to the firefighter, and that currently, such a firefighter may not receive more than 100% of his final salary as a retirement benefit.
The second question posed by the fire chief involves a new proposed payment plan for the volunteer firefighters. Currently each is on a salary. The new plan would compensate firefighters only when they respond to calls. The burden of responding to calls for pay will be left up to them. If they respond they will receive pay, and if they don't respond, they will receive no pay. The question posed is whether this proposed pay scale will affect the pension of the firefighter planning retirement in January. It is my opinion that this pay scale will make it difficult, if not impossible to compute retirement benefits. All of the statutes compute benefits based upon the "salary attached to the rank" of the firefighter, or "final salary attached to the rank" of the firefighter. See A.C.A. § 24-11-818 (a)(2) and § 24-11-826(a). If the new plan is implemented, how will this sum be calculated? What is the "salary attached to the rank" if the salary is entirely based upon the firefighter's response to calls? "Salary" is defined in the subchapter as "recurring pays which are received for the firefighter's regularly scheduled work week and shall not include . . . nonrecurring or unusual remunerations."See A.C.A. § 24-11-818(a)(1) and § 24-11-826(c). It appears that the payments received under the proposed pay scale would not be covered by the definition of "salary." It is therefore my opinion that the proposed pay scale will not be workable under the retirement laws.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
WINSTON BRYANT Attorney General
WB:arb
[1] The documents attached evidence a yearly "salary" of $1092.00 for the "volunteer" firefighter in question. The statutes, in my opinion, are unclear as to the manner of compensation, if any, accorded to "volunteer" firefighters; and as a consequence, are also unclear about what figure is halved to determine the "volunteer's" regular retirement benefit. Apparently, some measure of local discretion attends the administration of these matters.
[2] It is arguable whether this provision applies to volunteer firefighters. It does not mention them, but states only that it applies to firefighters "hired" prior to January 1, 1983. Assuming the volunteer has a "salary" as defined in that section on which the 1.25% may be computed, and assuming all other requirements of that section are met, its provisions are presumably applicable.
[3] In fact, the first two of these benefits added together exceed his final monthly salary. In my opinion, this fact does not prevent the application of the 100% limitation contained in the third provision, A.C.A. § 24-11-826. See discussion, infra.
That limitation, in my opinion, evidences an intent that no local fund firefighter member receive more as a retirant than he or she received as a firefighter.